IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TEBRA PRETTO,
    Plaintiff,

vs.	Case No.:  3:08cv397/LAC/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This action was initiated under the Social Security Act to obtain judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits (Doc. 1).  Now before the court is Defendant's Motion to Remand pursuant to sentence four of Title 42 U.S.C. § 405(g) (Doc. 21) and Plaintiff's response thereto (Doc. 22).

    Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  In the instant case, the Commissioner generally asserts that remand is appropriate because the Administrative Law Judge ("ALJ") did not give specific reasons for finding Plaintiff not fully credible (*see* Doc. 21, Memorandum in Support at 1).  More specifically, the Commissioner asserts that upon remand an ALJ will be instructed to:

> update the record with Plaintiff's medical records through the date last insured and to obtain evidence from a medical expert.  In a new decision, the ALJ will give specific reasons if he finds [Plaintiff] not credible.  The ALJ will also ensure that his residual functional capacity finding is consistent with the medical opinions he relies on.

(*id.*).  Based upon the foregoing, this court concludes that good cause has been shown for remand, which will therefore be the recommendation of the undersigned.

A remaining issue exists, however. In Plaintiff's response to the Commissioner's motion, Plaintiff has requested that upon remand this case be assigned to a new ALJ (*see* Doc. 22 at 1). In support, Plaintiff notes that part of her "requested relief herein was that the Court order [that] Plaintiff's case be assigned to a new ALJ, if the case was remanded," based on allegations that during the administrative hearing the ALJ "bullied [Plaintiff] and her representative" and was overtly insensitive to Plaintiff's condition (*id.*; *see also* Doc. 17 at 14 & n.8 (Memorandum in Support of Plaintiff's Complaint)).[1] Although this is an unusual request, the undersigned concludes that the request should be granted. First, Plaintiff has stated that the Commissioner has no objection (Doc. 22 at 1). Second, in an unrelated case in this district, the undersigned recommended that upon remand a claimant's case be assigned to an ALJ — other than the same ALJ involved in the instant case — based upon similar allegations, a recommendation that was adopted by the district court (*see* Case No. 3:07cv509/RV/EMT (Docs. 20, 21)).[2] Third, as noted by the United States District Court for the Southern District of Alabama, with regard to the same ALJ, "[P]laintiff's counsel noticed the Appeals Council, in relevant part, that '[t]here was a pattern of hostile, antagonistic questioning of

---

[1] Plaintiff suffers from "full blown AIDS," and the record reflects that she contracted the disease after being unknowingly infected with HIV by her husband (*see* Doc. 17 at 2–3 & n.1; *see also* Doc. 13 at 63, 391 (Transcript of the Administrative Proceedings Below)). As an example of the ALJ's insensitivity regarding Plaintiff's condition, Plaintiff points to the ALJ's comment during the administrative hearing that Plaintiff has the "gift that never stops giving . . . " (Doc. 17 at 14, n.8; *see also* Doc. 13 at 67).

[2] In pertinent part, the earlier claimant alleged that the same ALJ conducted a highly adversarial proceeding (*see, e.g.,* Case No. 3:07cv509/RV/EMT (Doc. 20 at 11)). In agreeing with the claimant, the undersigned noted:

> [The claimant] was unrepresented during the administrative proceedings below, therefore, the ALJ had a heightened duty to probe into and explore all relevant facts and diligently ensure that favorable as well as unfavorable facts and circumstances were elicited. Measured by this standard, the ALJ failed to fulfill his duty in the instant case.

(*id.* at 17–18) (citation omitted).

The undersigned also noted, in pertinent part, that:

> [A] full reading of [the transcript of] each of Plaintiff's hearings before the ALJ, demonstrates the ALJ's impatience with [the claimant] and his father, his apparent misunderstanding of the issues before him, his failure to elicit meaningful and relevant testimony from Plaintiff and his father, and a demeanor disrespectful of the process.

(*id.* at 18) (internal references omitted).

Case No.: 3:08cv397/LAC/EMT

Mr. Cooper by the ALJ, who called him a 'junkie.' It is requested that the Appeals Council listen to the hearing tape . . . ."). Cooper v. Barnhart, 345 F. Supp. 2d 1309, 1311 (S.D. Ala. 2004). After reviewing a transcript of the hearing, as suggested by Mr. Cooper's counsel, the district court noted:

> [T]his court finds the ALJ's demeanor toward plaintiff [George Cooper] unnecessarily offensive and biased. Besides referring to plaintiff as a "junkie," the ALJ referred to plaintiff on more an [sic] one occasion as a "little skinny twerp" (Tr. 40), as a "[s]kinny little white guy" (Tr. 53), and as an "ex-con" (Tr. 75). The ALJ also made gratuitous insulting remarks about plaintiff's family members (*e.g.*, Tr. 60–61). Although the ALJ must have leeway to make a credibility determination, antagonistic and hostile comments and questions serve little or no purpose in building a full and fair record. This court finds that upon remand, plaintiff is entitled to an unbiased reconsideration of his claim for benefits before a different ALJ.

*Id.*[3]

Much like the facts in Cooper, the facts of the instant case reveal that assignment to a different ALJ is appropriate. *See id.* (remanding for further proceedings, with instructions to the Appeals Council to reassign the case to a different ALJ).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's Motion to Remand (Doc. 21) be **GRANTED**, and the Commissioner's decision denying benefits be **REVERSED**.

2. That this case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3. That Plaintiff's case be assigned to a new ALJ upon remand, and that the ALJ who presided over Plaintiff's administrative hearing be provided with a copy of this Report and Recommendation, as was done in Case Number 3:07cv509/RV/EMT.

4. That Defendant be ordered to conduct proceedings in accordance with this Report and Recommendation.

5. That the clerk be directed to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure and administratively close this file.

---

[3] Although the Cooper opinion does not identify the ALJ by name, the undersigned contacted the United States District Court for the Southern District of Alabama and was advised by court personnel (and obtained documentation confirming) that the ALJ referenced in the Cooper opinion is the same ALJ here.

Case No.: 3:08cv397/LAC/EMT

At Pensacola, Florida, this  2nd  day of July 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case No.:  3:08cv397/LAC/EMT