IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TEBRA PRETTO,
    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　Case No.: 3:08cv397/LAC/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court upon Plaintiff's "Application for Attorney Fee [sic] Under the Equal Access to Justice Act" ("EAJA") (Doc. 28) and Defendant's response thereto (Doc. 29). Plaintiff seeks an award, payable to her attorney, of fees in the amount of $2,521.73 (Doc. 28 at 1). In response to Plaintiff's motion, Defendant states that he does not contest the amounts requested and does not object to the payment being made to Plaintiff's attorney, in light of the fact that Plaintiff signed an "Assignment of EAJA Fees," assigning any fee awarded under the EAJA to her attorney[1] (Doc. 29; *see also* Doc. 28, Ex. 4 (assignment)).

    The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided, 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

---

[1] In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 724, 172 L. Ed. 2d 730 (2008), the court clarified that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney. Although Reeves did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned follows the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition. *See, e.g.*, Turner v. Astrue, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); Baker v. Astrue, 2009 WL 2423530, at *1 (M.D. FL August 2, 2009) (same).

In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Docs. 23, 24). The application was timely filed, and the Commissioner's position was not substantially justified. Moreover, Defendant does not disagree that fees should be paid in this case (*see* Doc. 29). Accordingly, Plaintiff is entitled to fees.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney seeks compensation for 3.5 hours at the rate of $172.88 per hour ($605.08), for work performed in 2008, and 11.2 hours at the rate of $171.13 per hour ($1,916.65) for work performed in 2009, in representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court (*see* Doc. 28). Although Plaintiff seeks an award based upon an hourly rate higher than $125.00, Defendant has represented to the court that he does not contest an award of attorney fees based upon the higher hourly rates, and this court concludes that amounts greater that $125.00 per hour are reasonable, as has been found in numerous recent cases. *See, e.g.,* <u>Facine v. Barnhart</u>, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); <u>Godwin v. Barnhart</u>, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005). Additionally, Defendant has stated no objection to the amount of time claimed by Plaintiff's counsel (i.e., 14.7 hours), and the court finds that the time expenditure is reasonable.

Case No.: 3:08cv397/LAC/EMT

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act (Doc. 28) be **GRANTED** as follows:

> Plaintiff's counsel, John M. Pennington, Esquire, is entitled to recover fees in the amount of $2,521.73, for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees and hourly rates requested under the EAJA are reasonable; and the Commissioner is directed to pay counsel that amount.

At Pensacola, Florida, this 10th day of September 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**