IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TEBRA PRETTO,
     Plaintiff,

vs.                                 Case No.:  3:08cv397/LAC/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon "Plaintiff's Unopposed Motion for Attorney Fees Under Social Security Act, 42 U.S.C. [§] 406(b)," filed by Plaintiff's counsel, John M. Pennington (hereafter "Petitioner") (Doc. 32), as well as a response thereto filed by Defendant Michael J. Astrue, Commissioner of the Social Security Administration (hereafter "Commissioner") (Doc. 34). Petitioner seeks attorney's fees for services he provided in connection with Plaintiff's appeal of the Commissioner's final decision denying her claim for disability benefits (*see* Doc. 32).[1]

I.     BACKGROUND

On September 10, 2008, Petitioner initiated the instant action by filing a complaint for judicial review of the Commissioner's final decision denying Plaintiff's claim for benefits (Doc. 1). On April 28, 2009, the Commissioner filed a "Motion to Remand" pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 21). The Commissioner stated that remand was appropriate because the Administrative Law Judge ("ALJ") failed to provide specific reasons for finding Plaintiff less than fully credible and made a residual functional capacity determination that was inconsistent with the opinions the ALJ claimed to rely upon (*id.*). On July 2, 2009, the undersigned issued a Report and

---

[1] In employing Petitioner for the purpose of pursuing an appeal in this court, Plaintiff signed a fee agreement in which she agreed to pay to Petitioner fees equaling 25% of any accumulated past due benefits paid to her in the event of the successful prosecution of her claim (Doc. 32 & Exs.).

Recommendation, recommending that the Commissioner's motion to remand be granted, the decision of the Commissioner denying benefits be reversed, and the case be remanded to the Commissioner for further administrative proceedings (*see* Doc. 23). On August 5, 2009, the district court entered an order adopting in full the Report and Recommendation (Doc. 24).

On August 25, 2009, Petitioner filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), which motion was granted, and Petitioner was awarded EAJA fees in the amount of $2,521.73 (*see* Docs. 28, 30, 31).[2]

Following remand of Plaintiff's case, and pursuant to the district court's order, additional administrative proceedings were conducted, which ultimately resulted in a decision fully favorable to Plaintiff (Doc. 32 and Exs.). More specifically, on August 19, 2010, Plaintiff was deemed disabled and entitled to disability benefits commencing November 2006 (*id.*).

In the instant motion, Petitioner requests a § 406(b) fee in the amount of $16,407.00 for 14.7 hours of work performed in representing Plaintiff on appeal and acknowledges, as noted *supra*, that he has previously received $2,521.73 in attorney's fees under the EAJA (Doc. 32 at 2–3). The amount requested by Petitioner is derived from a notice received by Plaintiff indicating that $16,047.00 is being withheld from Plaintiff's award by the Commissioner's Office of Central Operations, in anticipation of direct payment of an authorized attorney's fee (Doc. 32 at 2 & Exs.).[3]

II.    ANALYSIS

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorney fees against the United States when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds. McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

---

[2] Petitioner states that the EAJA funds he received (which funds he received because Plaintiff assigned her interest in the EAJA fee to him) have been held in a trust account and will be distributed to Plaintiff upon resolution of the instant matter (*see* Doc. 39; Doc. 32 at 2, 9 n.2).

[3] Although the notice does not indicate the precise amount awarded to Plaintiff in past due benefits, Petitioner avers that the total award must have amounted to $64,188.00, because $16,047.00 is 25% of $64,188.00 (*see* Doc. 32 at 2 n.2). The Commissioner does not dispute these calculations or figures (*see* Doc. 34).

Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits. Section 406(a). If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the lesser of 25% of past due benefits or $5,300.00. Gisbrecht, 535 U.S. at 795. For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." Section 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.* Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act. *See* § 406(b)(1)(A).

In Gisbrecht, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. Gisbrecht, 535 U.S. at 808–09. The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* The Gisbrecht Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting

from the accumulation of benefits during the case's pendency. *Id.* (citing <u>Rodriguez v. Brown</u>, 865 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* (citing <u>Rodriguez</u> and <u>Wells v. Sullivan</u>, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since <u>Gisbrecht</u> have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases. *See, e.g.*, <u>Joslyn v. Barnhart</u>, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); <u>McPeak v. Barnhart</u>, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); <u>Hearn v. Barnhart</u>, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); <u>Boyd v. Barnhart</u>, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); <u>Dodson v. Barnhart</u>, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); <u>Coppett v. Barnhart</u>, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350). Additionally, the undersigned notes that cases in this District have resulted in similar results. *See, e.g.*, <u>Lambert v. Barnhart</u>, Case No. 3:03cv302/RV/MD (approving $982 on September 5, 2006 (Docs. 26, 27)); <u>White v. Barnhart</u>, 3:02cv78/LAC/MD (approving $741.81 on February 9, 2005 (Docs. 32, 33)). Moreover, in another case in this District, the court reduced a requested fee, but still awarded the Petitioner a fee based on an effective hourly rate of $1,250, in a case in which plaintiff prevailed in this court, but on a issue identified by the magistrate judge, not by counsel. <u>Lindsey v. Barnhart</u>, 3:99cv475/RV/MCR (N.D. Fla. 2003).

In the instant case, Petitioner states that the amount he seeks does not exceed the maximum recovery permitted under the terms of § 406(b) and is consistent with the terms of the fee agreement between Plaintiff and Petitioner (*see* n.1, *supra*). Moreover, Petitioner asserts, the amount he seeks to recover is reasonable, even though it results in a de facto hourly rate of $920 (16,047.00 - 2,521.73 [EAJA award, which will be refunded to Plaintiff] = 13,525.27; 13,525.27/14.7 hours = 920). In support of his assertion, Petitioner notes that he spent 14.7 hours litigating Plaintiff's case in this court over a period of approximately eleven months, that he obtained a favorable result for Plaintiff (that is, an award totaling $64,188.00), and that he is well-experienced in this area of the law and, indeed, limits his practice almost exclusively to representing disabled people, which (Petitioner apparently asserts) increased the likelihood of obtaining a favorable outcome for Plaintiff with a minimum expenditure of attorney time (*see* Doc. 32).

III.    CONCLUSION

The undersigned agrees with Petitioner and finds that the fee he seeks under Section 406(b) is reasonable (a finding that is bolstered by the Commissioner's lack of objection to the amount requested (*see* Doc. 34)).[4]  The fee requested by Petitioner is indeed the fee contemplated in the fee agreement between Plaintiff and Petitioner and, while high, is in line with other reported post-Gisbrecht decisions.  Moreover, there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits.  Furthermore, there is no allegation of undue delay by Petitioner, and he has represented Plaintiff for some time, during which he assumed a risk that he would recover no fee for his services.  Additionally, the court cannot fault the character of the representation provided by Petitioner in this case, as Petitioner was effective in achieving a remand in this court, which ultimately led to a favorable disability determination by the Commissioner and resulted in a sizable benefits award to Plaintiff.  Further, a less experienced attorney than Petitioner might have expended significantly more time on Plaintiff's case, and Petitioner should not be penalized for his expertise and efficiency.  In short, the court is persuaded that Petitioner has met his burden of showing that his request for $16,407.00 in attorney's fees is reasonable.  Therefore, Petitioner should be awarded $16,407.00 pursuant to Section 406(b), and the previously awarded EAJA fee in the amount of $2,521.73 should be refunded to Plaintiff.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 32) be **GRANTED**.

2.      That Plaintiff's counsel, John M. Pennington, be awarded attorney's fees in the amount of $16,407.00, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits.

---

[4] The Commissioner states he has no objection to the fee requested by Petitioner but additionally notes, "While the proposed fee appears reasonable based on the work performed in this case as documented in Plaintiff's filings, the Court must independently make [a reasonableness] determination" (Doc. 34 at 1 (citing Gisbrecht, 535 U.S. at 807)). The undersigned has independently determined that the amount requested by Petitioner is reasonable, as discussed in the body of this Report.

3.     That upon receipt of attorney's fees in the amount of $16,407.00 pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel, John M. Pennington, shall immediately refund to Plaintiff the previously awarded EAJA fee in the amount of $2,521.73.

At Pensacola, Florida, this 4th day of January 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**